**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

January 19, 2022

# In the Court of Appeals of Georgia

A21A1198. IN THE INTEREST OF J. D., a child.

MCFADDEN, Presiding Judge.

This appeal challenges a juvenile court order denying a petition to terminate a permanent guardianship of a minor child. Because there was not clear and convincing evidence that termination of the guardianship was in the best interests of the child, we affirm the juvenile court's order. The appellant's additional claim that the juvenile court's order should have included a visitation schedule is without merit since no request, evidence, or argument for such a schedule was presented to the trial court.

1. *Facts and procedural posture.*

J. D. was born in October 2010. When J. D. was approximately three months old, his mother gave him to the mother's cousin to care for him. In June 22, 2012,

with the consent of the mother, the juvenile court granted the cousin permanent guardianship of J. D. In August 2019, the mother filed a petition to terminate the permanent guardianship, claiming a material change in circumstances in that she had become a fit parent, with stable housing and employment, who was caring for her other children. After an evidentiary hearing, the juvenile court denied the petition to terminate the guardianship. In its final order denying the petition, the court found that while there was clear and convincing evidence of a material change in circumstances in that the mother had become a fit parent, there was not clear and convincing evidence that termination of the permanent guardianship was in the best interests of J. D. The mother appeals from that order.

2. *Best interests of the child.*

The mother contends that the evidence does not support the juvenile court's finding that terminating the guardianship was not in the best interests of J. D. We disagree.

"When a juvenile court enters an order of permanent guardianship, it 'shall retain jurisdiction over the guardianship action for the sole purpose of entering an order following the filing of a petition to modify, vacate, or revoke the guardianship

and appoint a new guardian.' OCGA § 15-11-244 (a)." *In the Interest of M. F.*, 298 Ga. 138, 140 (1) (780 SE2d 291) (2015) (punctuation omitted).

> The proper grounds for a petition to modify, vacate, or revoke a permanent guardianship are identified in OCGA § 15-11-244 (c): The guardianship shall be modified, vacated, or revoked based upon a finding, by clear and convincing evidence, that there has been a material change in the circumstances of the child who was adjudicated as a dependent child or the guardian and that such modification, vacation, or revocation of the guardianship order and the appointment of a new guardian is in the best interests of the child.

Id. at 141-142 (2) (punctuation and footnote omitted). Thus, a permanent guardianship may be "modified, vacated, or revoked upon clear and convincing proof of the requisite change in circumstances, accompanied by clear and convincing proof that the modification, vacatur, or revocation is in the best interest[s] of the child." Id. at 142 (2) (punctuation omitted).

As noted above, the juvenile court found that the mother had shown clear and convincing evidence of a material change in circumstances in that she had become a fit parent. See *In the Interest of M. F.*, supra at 144 (2) (previously unfit parent now being fit to have responsibility for the care and custody of her child may amount to a material change in the circumstances under OCGA § 15-11-244 (c)). But the court further found, after considering the factors set forth in OCGA § 15-11-26 for making

3

a best interests of the child determination, that there was not sufficient evidence that vacating the guardianship was in J. D.'s best interests.

> In reviewing such a finding, this court construes the evidence in favor of the judgment and determines whether a rational trier of fact could have found clear and convincing evidence that [vacating the guardianship was not in the best interests of the child]. We neither weigh the evidence nor determine the credibility of witnesses; we defer to the juvenile court's factfinding and affirm unless the appellate standard is not met.

*In the Interest of K. G.*, 343 Ga. App. 345, 347 (2) (b) (807 SE2d 70) (2017) (citation and punctuation omitted).

So construed, the evidence showed that J. D., who was 10 years old at the time of the hearing, has been in the continuous care of the permanent guardian since he was only three months old; that he is well-adjusted and has a close relationship with the permanent guardian and her parents; that he enjoyed visiting with his siblings who live with his mother, but he does not want to live with them; and that he has repeatedly said that he wants to stay with the permanent guardian. An expert in child therapy who has counseled J. D. opined that it would be harmful to remove him from the permanent guardian's care. The expert testified that J. D. is attached to his permanent guardian, that he loves his home and family with her, and that removing him from the home he has known for years would not be in his best interests. J. D.'s

4

guardian ad litem, who has been involved with the mother for years as guardian ad litem for her other children, acknowledged that the mother has improved her life. But she stated her belief that it was in J. D.'s best interests to remain in the permanent guardian's home and she recommended that the permanent guardianship not be vacated.

"After giving the juvenile court's findings of fact the required deference, we find that the court was authorized to conclude that the [mother failed to] demonstrate[] by clear and convincing evidence that [terminating the] permanent guardian[ship] would be in (J. D.'s) best interests. [So] this enumeration presents no basis for reversal." *In the Interest of J. W.*, 346 Ga. App. 443, 447 (2) (816 SE2d 409) (2018) (citation omitted).

3. *Visitation.*

The mother complains that the juvenile court erred in failing to include a visitation schedule in its order denying her petition to terminate the permanent guardianship. But as the mother concedes, she did not request a change in visitation in her petition. Indeed, in her petition, the mother sought termination of the permanent guardianship and custody of the child, but she did not make any claim regarding visitation. And contrary to the mother's argument on appeal, the issue of

5

visitation was not expressly or implicitly tried by the parties at the hearing on the mother's petition to terminate. A review of the hearing transcripts plainly reveals that there was no evidence, argument, or request that the juvenile court modify any existing visitation schedule.

We note that

an order granting a permanent guardianship must "establish a reasonable visitation schedule which allows the child adjudicated as a dependent child to maintain meaningful contact with his or her parents through personal visits, telephone calls, letters, or other forms of communication or specifically include any restriction on a parent's right to visitation." OCGA § 15-11-242 (a) (3).

*In the Interest of K. G. V.*, 358 Ga. App. 61, 66 (853 SE2d 376) (2020) (punctuation omitted). So while the original order granting the permanent guardianship in this case should have established a visitation schedule, the order denying the mother's petition to terminate that permanent guardianship was not required to include such a schedule — especially in the absence of any evidence, argument, or request for a modification of the visitation schedule.

*Judgment affirmed. Rickman, C. J., and Senior Appellate Judge Herbert E. Phipps concur.*

6